KENNETH ROBERT McCONNELL AND GAIL RUTH McCONNELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McConnell v. Commissioner
Docket No. 11565-86.
United States Tax Court
T.C. Memo 1987-620; 1987 Tax Ct. Memo LEXIS 665; 54 T.C.M. (CCH) 1380; T.C.M. (RIA) 87620; December 28, 1987. *665 Held, Ps failed their burden of proving that they were entitled to the charitable deduction claimed. Kenneth Robert McConnell, pro se. Sandra M. Kemrer, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: By notice of deficiency dated January 31, 1986, respondent determined a deficiency in petitioners' income tax for the taxable year 1983 in the amount of $ 1,029. Petitioners timely filed a petition in this Court opposing the deficiency. After concessions, the only issue for decision is whether petitioners are entitled to a charitable deduction in amounts in excess of those already allowed. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibit are incorporated herein by this reference. Petitioners resided in Phoenix, Arizona, at the time the petition in this case was filed. Petitioners filed a joint Federal income tax return for the taxable year 1983. Respondent disallowed $ 887 of the charitable deduction claimed on petitioners' return. Petitioners bear the burden of proving that the deficiency determined in respondent's notice of deficiency is incorrect. Rule 142(a); [1]. *666 In this case petitioners presented no proof other than petitioner Kenneth McConnell's uncorroborated testimony that petitioners made charitable contributions in the amount of $ 875 in excess of the amounts allowed by respondent.
We find McConnell's testimony self-serving and lacking credibility. It is well established that we need not accept a party's self-serving testimony without substantiating documentation to meet that party's burden of proof. , affg. a Memorandum Opinion of this Court. Accordingly, the deduction is disallowed. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩